IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY SALLIS,<br><br>Defendant. | Case No. CR11-2005<br><br>ORDER FOR PRETRIAL DETENTION |

On the 31st day of January, 2011, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Patrick J. Reinert. The Defendant appeared personally and was represented by his attorney, John J. Bishop.

### RELEVANT FACTS

On January 25, 2011, Defendant Anthony Sallis was charged by Indictment (docket number 13) with one count of conspiracy to distribute methamphetamine (Count 1), and three counts of distribution of methamphetamine (Counts 3, 4, and 5). Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on March 28, 2011.

DEA Special Agent Mark McHugh testified regarding the circumstances underlying the instant charges. On March 15, 2006, Defendant was arrested for third degree burglary. Defendant entered a hotel room through an unlocked sliding door, and attempted to steal money from the room while the occupants were asleep. After being awakened by Defendant, the occupants of the room restrained him until police officers arrived and arrested him.

On June 28, 2006, while on pretrial release for the burglary charge, Defendant allegedly sold one-half ounce of methamphetamine to two undercover DNE agents.

1

According to Special Agent McHugh, Defendant brokered the deal between the agents and his drug source. Two days later, on June 30, 2006, while still on pretrial release, Defendant sold 1 ounce of methamphetamine to two undercover agents. On August 17, 2006, Defendant was given a deferred judgment on the burglary charge and placed on two years probation.

On August 9, 2007, while on probation, Defendant sold 1 ounce of methamphetamine to a confidential source ("C.S.") in a controlled transaction. The C.S. and Defendant drove to a parking lot. Defendant got out of the C.S.'s vehicle and met with his drug source in a blue Honda Civic. Defendant returned to the C.S.'s vehicle to complete the drug transaction. One of Defendant's co-conspirators, Joel Beltran, told Special Agent McHugh that Defendant distributed methamphetamine in 1 ounce quantities from early 2005 to January 2008. Beltran estimated that in that time, Defendant distributed approximately 15 pounds of methamphetamine.

On November 20, 2009, Defendant was a passenger in a vehicle pulled over in a traffic stop. Defendant consented to a search of his person. Police officers found a pill bottle containing several baggies of methamphetamine, and a syringe, on Defendant's person. Defendant was charged in state court with possession of methamphetamine with intent to deliver. That case is still pending.

On January 26, 2011, Defendant was arrested on the instant charges. Defendant was non-compliant with police officers' requests to place his hands behind his back. Police officers took Defendant to the ground, and threatened to use a taser on him before he placed his hands behind his back. Defendant was searched incident to arrest, and the officers found 3 knives in his pocket.

According to the pretrial services report, Defendant is 45 years old. He was born in Waterloo, Iowa, and has lived in Waterloo most of his life.[1] Defendant is single. He has never been married, and he has no children. Defendant's parents and sister live in

---

[1] Defendant lived in California from 1989 to 2002.

Waterloo, but he has no contact with his parents. Defendant also has a brother who is in the United States Army, and is stationed in Louisiana.

Defendant has been employed by Edo's Club International in Waterloo as a bartender, bouncer, and maintenance worker for the past five years. Defendant is HIV positive, but his condition is under control, and is in otherwise good health. He is not currently taking medication for his HIV. Defendant has no past or present mental health or emotional concerns. Defendant reported that he has used marijuana "every couple months" from age 15 until about one month prior to his arrest. Defendant also reported being a regular user of methamphetamine for the past 20 years. He told the pretrial services officer that he typically uses methamphetamine once or twice each week, and last used two or three days prior to his arrest.

As noted above, on March 15, 2006, Defendant was charged with third degree burglary. On August 18, 2006, Defendant was given a deferred judgment and placed on probation for two years. According to Special Agent McHugh, Defendant failed to appear at meetings with his probation officers, and continued to use methamphetamine. On July 8, 2008, his probation was extended. Defendant continued to fail to appear at meetings with his probation officer, and continued to use methamphetamine. On November 20, 2009, as a result of the vehicle stop described above, Defendant was charged with possession of methamphetamine with intent to distribute. On December 16, 2009, probation violations were filed against Defendant. The probation violation in the burglary case and the new drug charge remain pending in state court.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

3

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with one count of conspiracy to distribute methamphetamine, and three counts of distribution of methamphetamine. Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's

evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in this case, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436

(2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant is charged with one count of conspiracy to distribute methamphetamine, and three counts of distribution of methamphetamine. The weight of the evidence against Defendant is strong. Defendant was involved in three controlled purchases of methamphetamine in which he sold methamphetamine to undercover law enforcement agents (twice) and a confidential source (once). All of the controlled purchases were surveilled by law enforcement. The testimony of Special Agent McHugh also supports a finding that Defendant was involved in a drug conspiracy. In particular, McHugh testified that a co-conspirator told McHugh that from early 2005 to January 2008, Defendant distributed approximately 15 pounds of methamphetamine.

Defendant has repeatedly shown an inability to comply with pretrial release and probation. The facts and circumstances surrounding Counts 3 and 4 of the Indictment occurred while Defendant was on pretrial release. The facts and circumstances surrounding Count 5 of the Indictment occurred while Defendant was on probation. In addition to distributing methamphetamine, Defendant continued to use methamphetamine until the date of his arrest in 2011. The Court has no confidence that Defendant would comply with any condition or combination of conditions if he were released. Moreover, if convicted of the offense charged in Count 1 the Indictment, Defendant faces a mandatory minimum 10-year prison sentence. Based on the serious nature and circumstances of the offenses, Defendant's failure to comply with supervision in the past, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of

proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (January 27, 2011) to the filing of this Ruling (February 1, 2011) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 1st day of February, 2011.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA